Br the Court.*—Rosekrans, J.
The Code of Procedure (§ 317) has changed the law in relation to costs in actions prosecuted or defended by an executor or administrator. By the Revised Statutes (vol. 2, p. 90, § 41), no costs could be recovered in an action against an executor or administrator to be levied of his property, or of the property of the deceased, unless it should appear that the demand on which the action was founded, was presented within the time mentioned in the notice required to be published for the presentation of claims against the estate, and its payment was unreasonably resisted or neglected, or that the defendant refused to refer the same pursuant to the provisions of the statute. If it did not so appear, the court was authorized to direct the costs to be levied of the property of the defendants or of the deceased, as should be just, having reference to the facts which appeared on the trial.
The section of the Code referred to, declares, that in an action prosecuted or defended by an executor or ad *256 ministrator, trustee of an express trust, or person specially authorized by statute—costs shall be recovered as in an action by and against a person prosecuting or defending in his own right, but such costs shall only chargeable upon, or collected of, the estate or fund, or party represented, unless the court shall direct the same to be paid by the plaintiff or defendant personally, for mismanagement or bad faith in such action or defense; so that by the law as it now stands, the plaintiff in an action against an executor or administrator is entitled to costs in the same. manner as he would have been entitled to them in an action against the deceased in his lifetime; and the judgment should, in all such cases, direct that the costs recovered shall be collected out of, or charged upon the estate or assets in the hands of the executors or administrators. If the court should adjudge that the executor or administrator had been guilty of mismanagement or bad faith in the defense, it may direct the costs to be paid by the defendant, personally, but it cannot allow costs against executors or administrators, personally, where they are exempted by the provisions of the Revised Statutes, referred to above.
In this case, the order of special term appealed from, does not direct that the costs allowed should be paid by the defendants personally, and they are chargeable only under section 317 of the Code, upon the estate in his hands. For this purpose, no motion was necessary. The plaintiff had the right to insert them in his judgment, as in an action against the defendant, and defended by him in his own right, making them chargeable upon, and to be collected out of the estate or assets in the defendants’ hands.
For the extra allowance, the motion was necessary.,
The defendant has no reason to complain of the judgment, unless the court has erroneously charged him personally with the costs. As this has not been *257 done, the order appealed from should be affirmed with costs.
Potter and Bocees, JJ., concurred.
Order affirmed with costs.

Present, Rosekrans, Potter and Bockes, JJ.